LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SUSANNA RANDOLPH,                                :
                                                 :     12 Civ. 8771 (PGG)
               Plaintiff,             :
                                                 :
     - against -                               :     **COMPLAINT**
                                                 :
PACE UNIVERSITY,                                 :
                                                 :
               Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Susanna Randolph (hereinafter "Randolph"), by her attorneys, Levy Davis & Maher, LLP, complaining of defendant Pace University (hereinafter "Pace"), alleges:

### NATURE OF THE ACTION

      1.    This is an action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq.* ("Title III" or "ADA") and Title 8 of the New York City Administrative Code ("N.Y.C. Admin. Code" or "Title 8") to compel an institution of higher learning to provide reasonable accommodation to a student with a disability.

      2.    Ms. Randolph was a candidate for a master of fine arts in Pace's Actors Studio Drama School. Pace, notwithstanding its actual knowledge of Ms. Randolph's disability, refused to provide an accommodation entailing minimal cost. There was no justification for that refusal

beyond a desire for inflexible uniform application of rules. The failure of accommodation resulted in Ms. Randolph's dismissal from the program.

3. Defendant's actions were unlawful, and plaintiff brings this action for injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to (I) 28 U.S.C. §§ 1343(3) and (4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights and (ii) the Declaratory Judgment Statute, 28 U.S.C. § 2201. This action is authorized and instituted pursuant to 29 U.S.C. § 794a.

5. This Court has supplemental jurisdiction of claims brought under Title 8 by virtue of 28 U.S.C. 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the defendant has offices, conducts business and can be found in the Southern District of New York, and the causes of action arose and occurred in the Southern District of New York.

## PARTIES

7. Plaintiff Susanna Randolph is a natural person who resides in the County of

Queens, City and State of New York. She was a graduate student in good standing at Pace University, at its Manhattan campus, at the time of the events complained of.

8. At all relevant times, Ms. Randolph was and is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12102 and 29 U.S.C. § 706. At all relevant times, Ms. Randolph was and is a "person" with a "disability" within the meaning of N.Y.C. Admin. Code § 8-102.

9. Upon information and belief, Pace is, and has been, at all relevant times, Pace is a not-for-profit education corporation chartered by the Regents of the University of the State of New York, with campuses in New York and Westchester Counties, which grants undergraduate, graduate and postgraduate degrees.

10. At all relevant times, Pace was and is a public accommodation within the meaning of 42 U.S.C. § 12181. At all relevant times, Pace was and is a recipient of federal financial assistance, and is therefore covered by § 504 of the Rehabilitation Act. At all relevant times, Pace was and is a place or provider of public accommodation within the meaning of N.Y.C. Administrative Code § 8-101.

11. Plaintiff has satisfied the filing requirements of Title 8 of the Administrative Code of the City of New York.

## STATEMENT OF THE CLAIM

12. Plaintiff incorporates by reference Paragraphs 1 through 11 of this Complaint as though the same were set forth fully herein.

13. At the time of the events complained of, Ms. Randolph was a candidate for a 2013

Master of Fine Arts in the Actors Studio Drama School ("Actors Studio") at Pace. Ms. Randolph's cumulative grade point average at the end of Fall 2011 was 3.67. She had consistently achieved high honors both within the Actors Studio and in other theater programs.

14.     Ms. Randolph suffers from Major Depressive Disorder, Panic Disorder without Agoraphobia and Post Traumatic Stress Disorder that caused her anxiety attacks on one or more occasions since the beginning of her studies at Pace. Those attacks began in late 2011 following threats of violence by Dalton Tyler, a fellow student. Specifically, Mr. Tyler said to Ms. Randolph that she "should be afraid" and that he "did horrible things when he was angry."

15.     Accordingly, Marijo Russell O'Grady, Ph.D., the Dean for Students, New York City Campus ("Dr. O'Grady") agreed to meet with Ms. Randolph to discuss her concerns. Ms. Randolph asked Dr. O'Grady, as she had already asked Dr. William Coco, her student-faculty liaison, to facilitate her transfer to another class in which she would have no contact with Mr. Tyler.

16.     Upon information and belief, Dr. O'Grady determined that Mr. Tyler's threats either had not occurred, were not as grave as Ms. Randolph perceived them to be or could not be proven. On or about January 24, 2012, Dr. O'Grady issued a "No Contact Order" requiring Ms. Randolph and Mr. Tyler to stay away from each other

> not [as] the result of any finding of wrongdoing on [either party's] part, but [] rather as a precautionary measure to help insure the safety and security of all parties.

17.     Pace, at all relevant times, was aware and/or should have been aware of Ms. Randolph's diagnosis, that transferring her to another class would remove the trigger for her anxiety attacks and that her classroom performance would suffer on account of her disability

absent accommodation. On November 4, 2011, Ms. Randolph emailed Dr. Coco that

> I have been having really bad anxiety attacks since school has started, at one point I was sent to the E.R. Part of my anxiety is due [to] being threatened by Dalton last year and being in 3 classes with him particularly movement this year. I have tried my best to not let it bother me, but he made it very clear that I should be afraid of him. It is making it difficult to focus in class and participate. It also makes it hard to show up period. I am going to start seek counseling from Pace, but being in class with him is affecting my health (emotionally and physically) and my ability to learn. I need not to be in class with him. I reported him last year and am confused as to why I was put in class with him at all. . . . I don't want to become sick from going to school.

18.     Pace referred Ms. Randolph several days thereafter to its McShane Center for Psychological Services for evaluation and counseling.

19.     Pace was, at all relevant times, aware of its duty to provide reasonable accommodations to students with disabilities. Pace has publicly announced its commitment to provision of reasonable accommodations like the one requested by Ms. Randolph:

> Students with . . . psychological disorders (including. . . emotional or mental illness). . . may be disabled and therefore eligible for a reasonable accommodation.  Each student diagnosed with a particular disability will have a different level of functioning even within the same disability category.   Further, compensation skills will also vary from one student to another and in the same student over time.  Therefore, accommodations are determined on a case-by-case basis according to a student's documented needs, guidelines suggested by federal and state law, and criteria developed by the University.
>
> Identifying and implementing a reasonable accommodation for a student with a disability is an interactive process that includes shared responsibility between the University and the student. Accommodations include . . . academic adjustments or modifications. . . . Examples of academic adjustments that may be made available to eligible students include . . .substitution of one course for another. . .

http://www.pace.edu/counseling-center/resources-students-disabilities.

20. Nevertheless, Pace failed and refused to engage in the interactive process referred to in its published materials.

21. Instead, the Actors Studio demanded that Ms. Randolph adjust because "there are crazies in this business and you have to learn to work with them." Dr. O'Grady's No Contact Order specifies that "you are in classes together and must comply with our faculty member's request to participate in scenes, etc. together if requested." Dr. Coco in particular seemed to be offended by the very notion of accommodating a psychological disability. He expressed his view of the matter in response to Ms. Randolph's report of Mr. Tyler's violation of the No Contact Order: "if you have a psychological problem, maybe you should go to a mental institution."

22. Ultimately, Ms. Randolph, having been forced to sit through classes with her tormentor, received a B- in her stagecraft course.

23. Ms. Randolph's appeal of her grade was rejected inasmuch as her psychological condition was not deemed a sufficient excuse. Consequently, she was dismissed from the MFA program, which requires grades of no less than B.

24. Ms. Randolph could have and would have maintained her output and her grades had Pace complied with her request for transfer. There was no justification for the refusal of the request.

**COUNT I - VIOLATIONS OF THE REHABILITATION ACT**

25. Plaintiff incorporates by reference Paragraphs 1 through 24 of this Complaint as though the same were fully set forth fully herein.

26. Pace discriminated against Ms. Randolph on the basis of disability when it failed and refused to provide reasonable accommodation of Ms. Randolph's disability.

27. Pace discriminated against Ms. Randolph when it failed and refused to inquire with respect to whether she required a reasonable accommodation in order to be able to complete her course of study and, if so, the nature and feasibility of such accommodation.

28. The practices complained of herein were and are malicious, intentional and in reckless disregard of plaintiff's health and well being. As a result of defendant's acts, plaintiff has suffered grievous, extensive and continuing damages, including but not limited to exclusion from participation in and/or denial of the benefits of a program or activity receiving federal financial assistance, tuition, pain and suffering, humiliation, emotional distress, punitive damages and attorneys' fees.

## COUNT II - VIOLATIONS OF TITLE I OF THE ADA

29. Plaintiff incorporates by reference Paragraphs 1 through 28 of this Complaint as though the same were fully set forth fully herein.

30. Pace discriminated against Ms. Randolph on the basis of disability when it failed and refused to provide reasonable accommodation of Ms. Randolph's disability.

31. Pace discriminated against Ms. Randolph when it failed and refused to inquire with respect to whether she required a reasonable accommodation in order to be able to complete her course of study and, if so, the nature and feasibility of such accommodation.

32. The practices complained of herein were and are malicious, intentional and in reckless disregard of plaintiff's health and well being. As a result of defendant's acts, plaintiff

has suffered grievous, extensive and continuing damages, including but not limited to deprivation of services, facilities, privileges, advantages and/or access to public accommodations and attorneys' fees.

## COUNT III - VIOLATIONS OF THE
## ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

33.  Plaintiff incorporates by reference Paragraphs 1 through 32 of this Complaint as though the same were set forth fully herein.

34.  Defendants' failure and refusal to engage in the interactive process and denial of reasonable accommodation constitutes a denial of accommodations, advantages, facilities or privileges within the meaning of § 8-107(4) of the New York City Administrative Code.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Declare Pace University's conduct complained of herein to be in violation of Randolph's rights as secured by the ADA, the Rehabilitation Act and Title 8;

B. Order Pace to reinstate Ms. Randolph to the Actors Studio Drama School forthwith and in to restore her academic standing to the status quo prior to the acts complained of;

C. Grant a permanent injunction enjoining and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Randolph's rights as secured by the ADA, Rehabilitation Act and Title 8;

D.  Award Randolph compensatory damages to be determined at the time of trial;

E.  Award Randolph punitive damages to be determined at the time of trial;

F.  Award Randolph reasonable attorneys' fees and costs incurred in prosecuting this action;

G.  Grant such further relief as the Court deems necessary and proper.

Dated: New York, New York
December 3, 2012

Respectfully submitted,

LEVY DAVIS & MAHER, LLP

By: _____/s/_____

Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033
jbernstein@levydavis.com