UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSANNA RANDOLPH,

           Plaintiff,

v.

PACE UNIVERSITY,

           Defendant.

Civil Action No.
12-CV-08771 (PGG)

**ANSWER**

Defendant, Pace University ("Pace"), by and through its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint as follows:

1. As to the allegations in Paragraph 1, **ADMITS** that Plaintiff purports to bring claims pursuant to the referenced laws, but **DENIES** that Plaintiff states a claim or is entitled to relief.

2. As to the allegations in Paragraph 2, **ADMITS** that Plaintiff was enrolled in the Masters of Fine Arts program at Pace University's Actors Studio Drama School and ultimately was dismissed, and **DENIES** the remaining allegations.

3. As to the allegations in Paragraph 3, **ADMITS** that Plaintiff seeks relief and **DENIES** that she is entitled to any relief.

4. As to the allegations in Paragraphs 4, 5, and 6, **ADMITS** that the Court has jurisdiction and venue is appropriate and **DENIES** that Plaintiff states a claim as to any cause of action.

5. As to the allegations in Paragraph 7, **ADMITS** that Plaintiff is a natural person, **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to her residence, and **DENIES** the remaining allegations.

6. **DENIES** the allegations in Paragraph 8.

7. **ADMITS** the allegations in Paragraphs 9.

8. As to the allegations in Paragraph 10, **ADMITS** that the University is subject to Title III of the ADA and the Rehabilitation Act and the NYC Administrative Code but not necessarily pursuant to the statutory sections cited.

9. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations in Paragraph 11 upon information and belief.

10. No response is necessary to the allegations in Paragraph 12 and, to the extent a response is necessary, repeats its answers above.

11. As to the allegations in Paragraph 13, **ADMITS** that Plaintiff was enrolled in the referenced program, and **DENIES** the remaining allegations.

12. As to the allegations in Paragraph 14, **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to Plaintiff's alleged medical condition(s), and **DENIES** the remaining allegations.

13. As to the allegations in Paragraphs 15, **ADMITS** that Dr. O'Grady and Dr. Coco met with Plaintiff to discuss her concerns and that Plaintiff requested in November 2011 to be transferred from certain classes in which Mr. Tyler was also enrolled, and **DENIES** the remaining allegations including, but not limited to, the allegation that Plaintiff requested to have no contact with Mr. Tyler.

14. **ADMITS** the allegations in Paragraph 16.

15. As to the allegations in Paragraph 17, **ADMITS** that Plaintiff sent the quoted email, and **DENIES** the remaining allegations.

16. As to the allegations in Paragraph 18, **ADMITS** that Dr. O'Grady referred Plaintiff to the McShane Center for a limited assessment, and **DENIES** upon information and belief the timing of these events as alleged.

17. As to the allegations in Paragraph 19, **ADMITS** that Pace is aware of its accommodation obligations and publishes relevant accommodation policies such as quoted and which speak for themselves, and **DENIES** the remaining allegations.

18. **DENIES** the allegations in Paragraph 20.

19. As to the allegations in Paragraph 21, states that the no contact order speaks for itself, and **DENIES** the remaining allegations.

20. As to the allegations in Paragraph 22, **ADMITS** that Plaintiff earned a B- in Scene Work 2, and **DENIES** the remaining allegations.

21. As to the allegations in Paragraph 23, **ADMITS** that Plaintiff's grade appeal was denied and that she was dismissed from the program pursuant to Pace's academic requirements, and **DENIES** the remaining allegations.

22. **DENIES** the allegations in Paragraph 24.

23. No response is necessary to the allegations in Paragraph 25 and, to the extent a response is necessary, repeats its answers above.

24. **DENIES** the allegations in Paragraphs 26, 27, and 28.

25. No response is necessary to the allegations in Paragraph 29 and, to the extent a response is necessary, repeats its answers above.

2100565.1

26. **DENIES** the allegations in Paragraphs 30, 31, and 32.

27. No response is necessary to the allegations in Paragraph 33 and, to the extent a response is necessary, repeats its answers above.

28. **DENIES** the allegations in Paragraphs 34.

29. **DENIES** that Plaintiff is entitled to any relief requested in the WHEREFORE clause.

30. **DENIES** each and every allegation and part of an allegation not specifically admitted above.

31. **DENIES** each and every allegation for which Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense (Affirmative)

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense (Affirmative)

2. There can be no liability pursuant to NYC Administrative Code or any of the pled causes of action because, even if Plaintiff had been granted the claimed accommodation, she would not have been successful in the University's Masters of Fine Arts Actors Studio program.

### Third Defense (Affirmative)

3. Plaintiff's allegations are barred to the extent they occurred outside the applicable statutes of limitation.

### Fourth Defense (Affirmative)

4. Upon information and belief, some or all of Plaintiff's claimed damages are barred by her failure to mitigate her damages.

### Fifth Defense (Affirmative)

5. The NYC Administrative Code claim fails because Plaintiff's alleged accommodation requests and the relief she seeks concern solely educational or pedagogic matters.

### Sixth Defense

6. Some of Plaintiff's requested forms of relief are barred because the University acted in good faith and did not act with reckless disregard or intentional or deliberate indifference.

### Seventh Defense

7. Some or all of Plaintiff's requests for relief are barred to the extent the specified relief is not provided for by statute or law or is in excess of statutory maximums.

### Eighth Defense

8. Plaintiff is not a person with a disability and was not entitled to accommodation pursuant to any pled cause of action.

### Ninth Defense

9. If and to the extent Plaintiff was entitled to accommodation and if and to the extent any of her requests were not granted, such requests were unreasonable, posed an undue burden, and/or would have fundamentally altered

2100565.1

the nature of the University's services and programs, and therefore were beyond the University's duty to provide accommodations.

### Tenth Defense

10. Plaintiff failed to provide the University with sufficient medical information and documentation to support a disability accommodation and otherwise failed to follow the University's processes and procedures to obtain accommodations.

### Eleventh Defense

11. The University's actions and decisions as concern Plaintiff were undertaken for legitimate academic and institutional reasons and were in all respects lawful.

### Twelfth Defense (Affirmative)

12. Upon information and belief, Plaintiff failed to follow the NYC Administrative Code service requirements which are conditions to the filing of this action.

The University reserves the right to raise additional defenses as may be identified during the course of the litigation.

Dated:  January 18, 2013

BOND, SCHOENECK & KING, PLLC

By: _____
Richard G. Kass (RK 7613)
Attorneys for Defendant
330 Madison Avenue, 39th Floor
New York, New York  10017

6

2100565.1

Telephone:  (646) 253-2322
E-mail:  rkass@bsk.com

TO:   LEVY DAVIS & MAHER, LLP
      Jonathan A. Bernstein, Esq. (JB 4053)
      Attorneys for Plaintiff
      39 Broadway, Suite 1620
      New York, New York  10006
      Telephone:  (212) 371-0033
      E-mail:  jbernstein@levydavis.com

2100565.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2013, that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List via regular mail.

_____
Bond, Schoeneck & King, PLLC
Attorneys for the Defendants
By Richard G. Kass, a member of the firm

2100565.1

## SERVICE LIST
## RANDOLPH v. PACE UNIVERSITY
## CASE NO. 12-CV-08771

Jonathan A. Bernstein, Esq.
LEVY DAVIS & MAHER, LLP
39 Broadway, Suite 1620
New York, New York  10006
(212) 371-0033
E-mail:  jbernstein@levydavis.com
Counsel for Plaintiff

2100565.1